FIRST NATIONAL BANK OF BROWNWOOD V. A. M. ROUTH ET AL.

Decided February 2, 1898.

1. Motion for New Trial—Sufficiency of Evidence.

A motion for a new trial "because the verdict of the jury is contrary to the first paragraph of the court's charge and the evidence supporting the same," is too general to allow the question of sufficiency of the evidence to be considered on appeal.

2. Appeal—Charge Too Favorable to Appellant.

An appellant can not complain of a charge which errs in being too favorable to him.

APPEAL from Brown. Tred below before Hon. E. C. HARRELL.

*Thomas Maples* and *S. C. Coffee*, for appellant.

*T. C. Wilkinson* and *I. J. Rice*, for appellees. .

KEY, ASSOCIATE JUSTICE.—Appellees sued appellant to recover the amount of a promissory note placed in the hands of appellant for collection. The testimony shows that appellant sent the note to D. V. Grant, a banker at Liberty Hill, in Williamson County, for collection, and there was evidence tending to show that Grant was the agent of appellant, and that he collected the money.

The case was tried before a jury, resulting in a verdict and judgment for the plaintiffs. Appellant filed a motion for a new trial, the third paragraph of which reads as follows: "Because the verdict of the jury is contrary to the first paragraph of the court's charge and the evidence supporting the same." This is the only complaint concerning the verdict that is made in the motion for a new trial, and as it is in general terms, and does not point out in what respect the evidence does not support the verdict, it is too general, and must be considered as waived. Farm and Land Co. v. Story, decided last week by this court, and cases there cited; see also White v. Wadlington, 78 Texas, 159; Railway v. Douglas, 7 Texas Civ. App., 554; Sutherland v. McIntire, 28 S. W. Rep., 578, and cases there cited.

The charge submitting to the jury the question as to the solvency of the payor of the note placed a greater burden upon the plaintiffs than under the pleadings and evidence of this case was imposed by law, but the error was in favor of appellant, and therefore it can not be heard to complain.

We have considered the other questions presented in appellant's brief, and find no reversible error.

*Affirmed.*