BARRETT *v.* NICHOLS.

Opinion delivered January 6, 1908.

ACTION—WRONG FORUM.—A demurrer should be sustained to a complaint in an action at law begun in the common pleas court which states a cause of action that is cognizable in equity only, as where it alleges that defendant disposed of cotton upon which plaintiff held a laborer's lien.

Appeal from Prairie Circuit Court; *Eugene Lankford,* Judge; reversed.

*J. H. Harrod,* for appellant.

Appellee's remedy was to attach the cotton while in appellant's possession; or, if he had sold it, appellee had a remedy in equity to subject the proceeds to his lien. 72 Ark. 132.

McCULLOCH, J. This is an action instituted by appellee, Nichols, in the common pleas court of Prairie County against appellant to recover the sum of $28.50 alleged to be due for labor performed by appellee for one Peters on the latter's farm.

The complaint states that appellee assisted, by his labor performed under contract with Peters, in producing a crop of corn and cotton on said farm, and that appellant, with notice of appellee's lien as a laborer, purchased from Peters and shipped out of the State two bales of the cotton produced. This is an action to enforce appellee's lien on the cotton. The common pleas court, and also the circuit court when the case reached there on appeal, overruled a demurrer to the complaint.

The allegations of the complaint are sufficient to show that appellee had a lien on the cotton received by appellant, but not

sufficient to constitute a cause of action at law against appellant
to recover the proceeds of the cotton. His remedy was to fol-
low the crop by attachment in a suit at law or to sue in equity
to recover the proceeds. *Reavis* v. *Barnes,* 36 Ark. 575; *Judge*
v. *Curtis,* 72 Ark. 132.

The cases just cited relate to the enforcement of liens of
landlords on crops produced, but the statute giving laborers a
lien for the product of their labor and providing for the en-
forcement thereof does not change the nature of the remedy
against purchasers of the property.

Reversed and remanded with directions to sustain the de-
murrer.