## WRIGHT *v.* WOOLDRIDGE.

### Opinion delivered March 21, 1910.

EQUITY—JURISDICTION ON APPEAL FROM JUSTICE OF THE PEACE.—As the circuit court, on appeal from a justice of the peace, acquires only such jurisdiction as the latter court possessed, it was error to transfer the cause in such case from the circuit to the chancery court for the purpose of maintaining an equitable defense.

Appeal from Cleveland Chancery Court; *John M. Elliott,* Chancellor; reversed.

*A. T. Whitelaw,* for appellant.

The chancery court was without jurisdiction. Kirby's Dig., § 5985; 71 Ark. 222; *Id.* 484; 46 Ark. 272. Jurisdiction cannot be conferred by consent of parties where none existed before. 33 Ark. 31; 34 Ark. 399; 70 Ark. 347; 1 Black on Judgments, 217.

*Pitt Holmes,* for appellee.

Since the chancery court would not assume jurisdiction of this cause except upon agreement of parties waiving objections as to jurisdiction, appellant ought not to be heard now to object to the jurisdiction.

BATTLE, J. This action was brought by J. H. Wright against E. and H. Wooldridge, on the 14th day of December,

1906, before a justice of the peace of Cleveland County, to recover $200, loaned by plaintiff to the defendants, and interest. The plaintiff recovered judgment, and the defendants appealed to the Cleveland Circuit Court.   On appeal the action was transferred by consent to the Cleveland Chancery Court, and on hearing that court dismissed plaintiff's complaint for want of equity, and plaintiff appealed to this court.

In *Whitesides* v. *Kershaw,* 44 Ark. 377, 379, it is said: "On appeal from a justice of the peace court, the jurisdiction of the circuit court is derived from and is dependent upon the appeal. It cannot put its original jurisdiction into exercise by superadding to the pending controversy a cause of action or an issue that the justice of the peace could not entertain. In such case the circuit court can render no judgment that the justice of the peace is not authorized to render." To the same effect, see *Brewer* v. *Winston,* 46 Ark. 163; *Jackson* v. *Gorman,* 70 Ark. 88; *Barrett* v. *Nichols,* 85 Ark. 58.

Neither could a chancery court, in such cases, acquire, by a transfer from the circuit court, jurisdiction which the justice of the peace did not have. Justices of the peace cannot enforce equitable remedies, and no such jurisdiction can be acquired by any court by appeal from that court.

The judgment of the chancery court is reversed, and the cause is remanded with directions to that court to remand it to the Cleveland Circuit Court.