ARK. STATE BOARD OF PHARMACY *v.* FEY.

5-2730                                                 357 S. W. 2d 658

Opinion delivered June 4, 1962.

*Warren & Bullion,* for appellant.

*Rose, Meek, House, Barron, Nash & Williamson,* for appellee.

NEILL BOHLINGER, Associate Justice. The appellant is a State Board created by statute and charged with the administration of the laws pertaining to the practice of pharmacy in this State. On July 13, 1961, the appellant brought an action in the Garland Chancery Court to enjoin the appellee, David L. Fey, from practicing pharmacy.

The appellee answered and the cause was presented to the Garland Chancery Court where the chancellor denied the plea for a restraining order against the appellee and from that action comes this appeal.

The appellant in this case denies that it issued a license to the appellee authorizing him to practice as a pharmacist and that the appellee has no legal right to practice without a valid license issued by the appellant Board; on the other hand, the appellee contends that the Board of Pharmacy did issue him a license to practice and presents a document which reads as follows:

"TO WHOM THIS MAY CONCERN:

THIS IS TO CERTIFY THAT THE ARKANSAS STATE BOARD OF PHARMACY IN SPECIAL SESSION DID ON MAY 17, 1961 APPROVE THE APPLICATION FOR LICENSURE AS A REGISTERED PHARMACIST UNDER THE PROVISIONS OF ACT 59 OF THE 1955 LEGISLATURE OF

DAVID LEONARD FEY

AND THAT CERTIFICATE OF LICENSURE WILL BE ISSUED TO THE SAID

D. L. FEY

WHEN ENGRAVED.

SIGNED

/s/

THOMAS E. MATTAX

SECRETARY"

The minutes of the appellant Board on which the certificate is predicated are as follows:

"May 17, 1961. D. L. Fey, who had been denied reciprocity to Arkansas from Tennessee, presented a reciprocity application and asked that it be considered for approval under Act 59 of 1955. With Mr. Fey's application was an opinion from the Attorney General's Office that if all the statements on the reciprocity application were proven true, Mr. Fey did qualify for registration under Act 59 of 1955, with the approval of the Board. A motion was made by Mr. Waddle, seconded by Mr. Peters, and passed unanimously that Mr. Fey be granted registration, subject to the review of his experience and residency qualification, and with the notation on the face of the Certificate that the registration was made under Act 59 of 1955. The Board went on record at this meeting to recommend to the next General Assembly of the Arkansas Legislature the repeal of Act 59 of 1955."

At the hearing before the chancellor the appellant contended that the document exhibited by the appellee was intended only as a temporary license which would automatically expire at the next meeting of the Board.

No such limitation appears upon the certificate issued by the Board nor do we find any limitation in the action of the Board as reflected by its minutes. The motion which was passed unanimously at the Board Meeting was that the appellee be granted registration subject to review of his experience and residency qualification and that the registration was made under Act 59 of the Acts of 1955. We do not view the words "that if all the statements on the reciprocity application were proven true" as being a limitation. That general statement would apply to any application that came before the Board and viewing the wording in any light, there was a certificate issued to the appellee which is not conditioned in any way, and, under the statute, so long as he is thus licensed he has the right to practice as a pharma-

cist and until that certificate is revoked, there is no limitation placed upon him.

If, as the appellant contends, there are disqualifying conditions that would have made the appellee ineligible for a certificate, his certificate nevertheless can be cancelled only in the manner provided by the statute. Being a creature of the Legislature, the Board has only those powers and rights which are specifically granted by the Legislature. Ark. Stat. § 72-1025 provides for the revocation of certificates obtained by false representation and reads as follows:

"If any person shall procure registration as a registered pharmacist under this act, by making, or causing to be made, false representations, the registration and certificate thus fraudulently obtained may, in the discretion of the board be revoked, and the name of the person so registered stricken from the register. Provided, That the person charged with the fraud be first allowed a hearing by the board. Act Mar. 13, 1891, No. 50, § 10, p. 80; C. & M. Dig., § 3676; Pope's Dig., § 4612."

And Ark. Stat. § 72-1028 pinpoints the procedure which the Board must follow in the revocation of a license:

"'Procedure for revocation by the board.—Before revoking the certificate of registration of any registered pharmacist, the Board of Pharmacy shall give such person ten [10] days notice in writing to appear before such board, at such time and place as the Board may direct, to show cause, if any he has, why his or her certificate should not be revoked. said notice shall be signed by the Secretary of the State Board of Pharmacy and shall set forth in clear and concise language the nature of the charge against such person. Mailing a copy of such notice by registered mail, addressed to such person at his address appearing upon the records of the State Board of Pharmacy concerning the issuance of his certificate or the last renewal thereof shall be sufficient service of such notice. At such hearing, the Board shall

have power to subpoena witnesses and the President or Chairman of said Board shall have power to administer oaths and such Board shall hear evidence. If the Board finds after such hearing that the certificate of registration or license of such person should be revoked, the same shall be done forthwith. [Acts 1939, No. 120, § 2, p. 278.''']

This statute is not only a grant of power to the Board, but it is also the grant of a right to the license holder. It is his guarantee of his day in court, it is the grant of a right by the Legislature and cannot be taken from him by the Board. He has a right to insist on the ten days notice of the Board Meeting at which the matter of the revocation of his certificate will be considered. He may be present and the testimony of witnesses will be taken and it is further provided in Ark. Stat. § 72-1029 that an appeal will lie from the action of the Board to the *Circuit Court* of the county in which the alleged offense was committed.

''Appeals from decisions of the board—Procedure.— Any person whose certificate of registration or license has been revoked by the State Board of Pharmacy as herein provided may appeal from the action of said Board to the Circuit Court of the County in which the offense was committed by filing with the Clerk of said Court within thirty [30] days from the order of the revocation, his affidavit to the effect that said appeal is not taken for the purpose of delay but that justice may be done him and by causing summons to be issued from said Court and served upon the Secretary of the State Board of Pharmacy. Such person appealing shall, at the time of filing his affidavit, give bond with security to be approved by said Clerk to cover the costs of said appeal and shall likewise cause to be prepared and filed with the Clerk of said Court a transcript of the proceedings, including stenographic record of all evidence, at said hearing. When an appeal has been taken as aforesaid, the same shall stand for trial de novo upon the record thus presented at the next day of said Court more than

twenty [20] days after service of summons upon the Secretary of the State Board of Pharmacy as herein provided. Appeals from the judgment of the Circuit Court on such trial shall be taken and had in accordance with the rules of appellate procedure now or hereafter provided by the laws of this State with respect to appeals in civil causes. [Acts 1939, No. 120, § 3, p. 278.'']

The appellee has the right to practice pharmacy as long as he is the holder of the Board's certificate and that certificate can be cancelled only by following the provisions of the statute just quoted. None of these statutes were followed and of that there is ample proof. This case involves the determination by the chancellor of a question of fact and we have so many times stated:

''On the fact question: we try the case *de novo* here; unless the preponderance of the evidence appears to be against the chancellor's findings we must affirm. See *Lupton* v. *Lupton,* 210 Ark. 140, 194 S. W. 2d 686. Our rule also is 'that the judgment of the chancellor on the question of the preponderance of the evidence will be considered as persuasive when the evidence is conflicting, and evenly poised, or nearly so.' *City of Little Rock* v. *Newcomb,* 219 Ark. 74, 239 S. W. 2d 750. Also see *Brown* v. *Ozark Black Marble Co. et al., Ozark Black Marble Co.* v. *Stephenson, et ux,* 222 Ark. 280, 258 S. W. 2d 882.'' *Turnage* v. *Matkin,* 227 Ark. 528, 299 S. W. 2d 831.

The chancellor's decision is supported by a preponderance of the evidence and that decision we do not disturb.

The cause is, accordingly, affirmed.

GEORGE ROSE SMITH, J., not participating.