McGehee Planting Co. *v.* Jones.

5-3680                                    395 S. W. 2d 553

Opinion delivered November 15, 1965.

*D. A. Clarke,* for appellant.

*Smith & Smith, J. F. Wallace, Clifton Bond,* for appellee.

Jim Johnson, Associate Justice. This suit involves enforcement of a landlord's lien.

Mrs. George Heathcock, now deceased, leased about 100 acres of farm land to Otis Lunsford in 1958 for $1500, payable November 15, 1958. Appellant McGehee Planting Company furnished Lunsford with the money to raise cotton and soy beans. Lunsford harvested and sold his cotton crop to Bell Brothers Cotton Company (appellees) and the soy beans to appellee Dreyfus Company. Lunsford delivered the checks from these sales to appellant in partial. payment of his furnishing account for 1958. The $1500 rent was not paid. Mrs. Heathcock died in November, 1958. On May 14, 1959, appellee heirs of Mrs. Heathcock filed suit against Lunsford, appellant McGehee, appellees Bell and appellee Dreyfus in Desha Circuit Court, McGehee District, to enforce the landlord's lien against crops grown by Lunsford. Writs of attachment issued, all parties answered separately. On November 1, 1960, on motion of the Heathcock heirs, the cause was transferred to Desha Chancery Court. The complaint. was amended January 14, 1961, answered, amended again. Bell cross-complained for damages occasioned by the writ of attachment which forced Bell to repurchase nine bales of cotton in storage at the Federal

Warehouse and Compress Company. In time the case was heard; the court issued detailed interim findings while the matter was under submission prior to its decree of November 16, 1964. The court gave appellee heirs judgment against Lunsford for $1500; dismissed their action against appellee Bell; gave Bell judgment against appellee heirs for $295.20; denied Dreyfus' plea for damages from appellee heirs; dismissed their action against Dreyfus; granted appellee heirs judgment against McGehee if Lunsford failed to pay the $1500 judgment or any part of it.

McGehee Planting Company has appealed, urging three points for reversal. Appellee heirs cross-appealed.

Appellant first urges that the trial court erred in overruling the plea of McGehee Planting Company based upon a defect of parties plaintiff. In its findings the court stated that it assumed that the pleading which appellant considers as raising the issue of defect of parties is a pleading designated "Motion to Dismiss" filed in 1959 when the action was pending in circuit court, that the pleading was called to the attention of the chancery court for the first time in 1963 when appellant filed its brief, a year after the cause had been heard and taken under submission. (The pleading alleged in part that the court did not have jurisdiction of the cause or the defendants, and that the complaint failed to state a cause of action.) The chancellor found that the plea should be denied because, among other reasons, it came too late and the plea of defect of the parties was not properly raised.

The second point is that the trial court's findings of fact do not support a judgment against appellant. The court found that appellant has in its possession the proceeds of the crops grown on the Heathcock place by Lunsford; that the proceeds were received by appellant with knowledge of the landlord's lien (it is undisputed that appellant knew of the landlord's lien and had advanced Lunsford money in 1956 and 1957 to pay the landlord); that appellant was not a bona fide holder of

the proceeds; that courts of equity have jurisdiction to enforce the lien; appellee heirs have not waived the lien nor are they estopped to assert it; an equitable lien should be impressed on the proceeds in appellant's hands, and a judgment granted appellee heirs against appellant so that if Lunsford does not pay the $1500 or the judgment not satisfied by execution, then execution may issue against appellant for any deficiency.

Appellant's third point is in effect the same as that urged by appellee heirs on cross-appeal. Appellant argues, in the alternative, if judgment is sustained against appellant, judgment should be rendered against Bell and Dreyfus for two-thirds of the amount adjudged to be due appellee heirs. The trial court found that Bell and Dreyfus were innocent purchasers; that the attachment of the cotton was unlawful, the attachment should be dissolved, appellee heirs should be liable to Bell for such damages as Bell sustained by reason of the unlawful attachment, and both Bell and Dreyfus should be protected as innocent purchasers of the cotton and soybean crops.

"The testimony was not designated," to quote apellant's brief, "nor transcribed for the reason that the trial court's findings of fact detail the evidence in a most comprehensive manner and appellant takes no appeal therefrom."

Appeals from chancery are tried de novo on the record in this court. From the limited record in the case at bar we cannot say with confidence that the testimony fails to support the findings of the chancellor either as to the law or the facts—the testimony is not before us. It follows, therefore, that the decree must be affirmed on both direct and cross-appeal.