Bonnie Hunter *v.* James E. Dixon et al

5-4002                                            410 S.W. 2d 389

Opinion delivered December 19, 1966

[Rehearing denied February 6, 1967]

*Roy Mitchell,* for appellant.

*E. C. Thacker* and *Wood, Chesnutt & Smith* and *Michael B. Heindl,* for appellees.

Hugh M. Bland, Justice. This is a suit to quiet title to 79.36 acres of land in Garland County Arkansas. At the time this suit was commenced (October 12, 1964) record title to the property was in James E. Dixon and Shirley Dixon (appellees herein) by virtue of warranty deeds from Esther DePencier, Curtis Tarring Gardner, and M. G. DePencier, surviving husband of Mildred S. Gardner, deceased. (M. G. DePencier and Curtis Tarring Gardner being the only heirs at law of Mildred S. Gardner, deceased.)

In September of 1959 appellant was convicted of second degree murder and by opinion of this court dated May 30, 1960, *Connelly* v. *State,* 232 Ark. 297, 335 S. W. 2d 723, the judgment and conviction was reversed and remanded. On February 19, 1960 appellant, using the name of her sister, Gwen Combs, entered into a hand-written sales agreement with Esther M. DePencier, agent for M. G. DePencier, administrator for Mildred S. Gardner estate, wherein she agreed to purchase subject property for $8,500.00, with a down payment of $500.00 and the balance to be paid at the rate of $50.00 per month. On February 27, 1960 she entered into a typed sales agreement with the same party for subject lands but this agreement showed the purchaser to be Royce L. Nichols, her brother. She admitted signing Gwen Combs' name to the first agreement and Royce L. Nichols' to the second agreement. She was using their names to avoid action of her creditors in civil suits then pending.

In September of 1960 she was retried in Garland Circuit Court and convicted of manslaughter. This conviction was affirmed by this court on September 18, 1961, *Connelly* v. *State,* 234 Ark. 143, 350 S. W. 2d 298. (In both criminal cases she was tried under the name of Connelly.) In the case affirmed she received a three year sentence but after conviction she decided to become a fugitive from justice and left the state November 29, 1961. She was apprehended in Virginia and returned to Arkansas about March 15, 1962 to serve her three-year sentence. She was paroled on September 6, 1963.

Appellant made the monthly payments of $50.00 for a period of five months in the name of her brother, Royce L. Nichols. Just prior to leaving Hot Springs late in November 1961, the appellant confided in her brother, Royce L. Nichols, that she had placed the sales contract in his name and he moved to the farm property. The contract papers and receipts were kept by appellant's 18-year-old daughter, Bonnie Jo Connelly.

On September 28, 1960 appellant prepared an as-

signment of the sales agreement from Royce L. Nichols to Gwen Combs, forging the signatures of both parties. Through November 23, 1961 appellant made the monthly payments in the name of Gwen Combs. From that time until January 29, 1962 these payments were not made as appellant was a fugitive from justice and had no contact with her relatives.

In January 1962 the contract installment payments were in arrears. Bonnie Jo Connelly unsuccessfully tried to raise the money to pay them. She contacted both her aunt, Gwen Combs, and her uncle, Royce L. Nichols, without success and finally wrote the DePenciers in January 1962 under the name "Gwen" stating that she was unable to keep up the payments and that she would let the property go back.

Upon learning of this delinquency in payments, Royce L. Nichols called Mr. DePencier and asked for additional time to pay the back installments but could not get the money, so he set about to sell the equity. A day or so prior to January 29, 1962 he contacted appellee, James Dixon, showed him the farm, informed him of the financial problem and sold him the equity in the farm for $500.00 less $150.00 to pay the three delinquent installments. Dixon assumed the balance of the contract indebtedness of about $7,800.00. After receiving the $500.00, less $150.00 for the delinquent payments, Nichols gave Bonnie Jo Connelly $150.00, kept $200.00 and left the state.

On January 29, 1962 Royce L. Nichols assigned the sales agreement for purchase of the property in question to appellee, Dixon, who took possession of the property on that date. Appellee Dixon refinanced the loan on the property in question and paid appellee DePencier in full. On November 29, 1963 appellee DePencier executed and delivered to appellee Dixon a warranty deed to the property in question.

After the property was sold to the Dixons, appel-

lant's daughter took the furniture out of the house and had it sold at auction.

Appellant claims the value of certain timber cut from the premises but the record shows that the timber was cut after the appellees had title and this claim is without merit.

After parole, appellant returned to the property and a dispute arose between her and the appellees as to title to the property. As a result, this suit was filed. After a lengthy hearing, the chancellor quieted title to the property in appellees, James E. Dixon and Shirley Dixon, subject to the mortgage of Arkansas First National Bank of Hot Springs, dismissed the cross complant and amendments of appellant, and dismissed the third party cross complaint against the third party defendants, the DePenciers.

From this decree the appellant prosecutes this appeal and for reversal relies on seven points as follows:

"1. The trial court erred in confirming the title to land in question in appellees, James E. Dixon and Shirley Dixon, his wife.

2. The trial court erred in dismissing cross complaint of appellant, Bonnie Hunter, against appellees, James E. Dixon and Shirley Dixon, his wife.

3. The trial court erred in dismissing third party complaint of appellant, Bonnie Hunter, against third party defendants, M. G. DePencier and Esther M. DePencier.

4. The trial court erred in not cancelling the following deeds, warranty deed from M. G. DePencier and Esther DePencier, dated November 29, 1963, to James E. Dixon and Shirley Dixon, his wife, recorded in Book 546, at page 117, warranty deed from Curtis Tarring Gardner to James E. Dixon

and Shirley Dixon, his wife, dated November 5, 1963, and recorded in Book 546 at page 115 and warranty deed from Esther DePencier to James E. Dixon and Shirley Dixon, his wife, dated November 29, 1963, and recorded in Book 546 at page 113, and vesting title in appellant, Bonnie Hunter, subject to mortgage held by Arkansas First National Bank of Hot Springs.

5. The trial court erred in not finding that the appellant, Bonnie Hunter, using the name Gwen Combs, was the legal and lawful purchaser of the lands in question under a valid sales contract from M. G. DePencier, as Administrator of the Estate of Mildred S. Gardner DePencier, deceased, dated February 27, 1960, using the name of Royce L. Nichols, as purchaser and transferred back to Gwen Combs, this being ratified and accepted by M. G. DePencier.

6. The trial court erred in not rendering judgment for appellant, Bonnie Hunter, on her cross complaint against James E. Dixon and Shirley Dixon, his wife, for timber wrongfully cut from said lands.

7. The trial court erred in admitting into evidence as Exhibit 6, copy of letter dated January 22, 1961, claimed by appellee, M. G. DePencier to have been written and mailed to Gwen Combs.''

We see no merit in any of the contentions made by appellant. The appellees were purchasers in good faith for a valuable consideration of the subject property and the burden of showing that the purchase was made with notice of material defects was on appellant. *Scott* v. *Carnes,* 183 Ark. 650, 37 S. W. 2d 876; *Smith* v. *Olin Industries,* 224 Ark. 606, 275 S. W. 2d 439. This burden was not discharged by appellant.

When a person embarks on a course of conduct tending to mislead others, he does so at his peril. When ap-

pellant, seeking to avoid, hinder and delay her creditors, had the contract of sale drawn showing the purchaser as Gwen Combs, then as Royce L. Nichols, she gave them unlimited authority to do as they saw fit. 24 Am. Jur., § 119, p. 268, states:

"Property Purchased by Debtor in Name of Another.—The majority rule is that the courts will not aid one who has purchased property and caused the title thereto to be transferred to another, for the purpose of hindering, delaying or defrauding his creditors. As bearing on the right of the fraudulent purchaser to equitable relief, it has been held that there is no inherent difference between the act of a debtor conveying his property to another without consideration and that of a purchaser causing the title to the property purchased to be placed in the name of another, where the object of such transfers is to hinder, delay, or defraud creditors."

Appellant refused to accept the three-year sentence of the jury and mandate of this court and fled the State of Arkansas instead of turning herself over to the prison authorities, thereby becoming a fugitive from justice for over three and one-half months. This particular act was most vital in effecting the default and loss of the subject property into the hands of her brother and daughter because she was unable to contact anyone during this period for fear of their becoming an accessory in her problems with the law. We feel that she realized this at the time she was leaving and, accordingly, we feel that she gave her brother, Royce L. Nichols, and her daughter, Bonnie Jo Connelly, the right and authority to deal with the contract and the property as they deemed fit and to her best interests.

In view of our ultimate conclusion, we feel it would unduly prolong this opinion to go into the question of laches, equitable estoppel and violations of equitable maxims such as, "He who comes into equity must come with clean hands."

The chancellor resolved the issues in favor of appellees, James E. and Shirley Dixon The trial was long and tedious with conflicting evidence and disputed facts. This court has held in a long line of cases that while chancery cases are tried *de novo* in this court, a decree of the chancery court will not be reversed where there is a disputed question of fact unless the findings are clearly against the preponderance of the evidence. *Little v. Holt,* 229 Ark. 627, 318 S. W. 2d 157; *Stricklen v. Mitchell,* 234 Ark. 31, 350 S. W. 2d 319; *Arkansas State Board of Pharmacy v. Fey,* 235 Ark. 319, 357 S. W. 2d 658, and many other cases set out in West's Arkansas Digest, Vol. 2-A, Appeal and Error, § 895 (2) pages 255-259 and § 1009 (1) pages 424-427.

The findings of the chancellor in this case are clearly in accord with and not against the preponderance of the evidence.

The decree of the chancery court is affirmed.