## Howard J. SCROGGINS v. Claude R. BOWEN

5-5442                                    464 S. W. 2d 79

Opinion delivered February 22, 1971
[Rehearing denied March 29, 1971.]

*Ovid D. Switzer, Bruce Switzer* and *Tim Tanner,* for appellant.

*William E. Johnson,* for appellee.

Frank Holt, Justice. This is an action brought by appellee to impress a lien upon the sale proceeds from appellant's rice and soybean crop.

Appellee entered into an oral contract with appellant to perform farm labor. The contract provided that appellee would assist in planting and harvesting a crop of rice and beans to be grown by appellant. As part of the consideration under the contract, appellee was to

receive, in addition to his salary and other specified benefits, a bonus consisting of a set amount on each bushel of rice and on three-fourths of the bushels of beans harvested. Sometime in early November after the crop was harvested, appellee left his employment. Appellant, insisting that the employment was prematurely terminated under the contract, notified appellee that he had forfeited his right to the bonus. Shortly thereafter appellee filed in circuit court an affidavit and notice of laborer's lien for $1,429 pursuant to Ark. Stat. Ann. § 51-301, et seq. (1947). Appellant later filed a petition for, and was granted, a dissolution of the lien upon substitution of a $1,500 bond. Thereupon, appellee instituted in chancery court this action which resulted in a decree for appellee impressing a laborer's lien for $1,419.40 on the proceeds of the sale of the crop. This appeal comes from that decree.

In his first two points for reversal, appellant contends that the chancellor erred in refusing to grant his motion to transfer to circuit court because: (1) Appellee has a complete and adequate remedy at law; and (2) appellee had already commenced an action in circuit court involving the same subject matter. The second part of this contention may quickly be disposed of by pointing out that appellee, by simply filing an affidavit and notice of lien in circuit court, did not thereby commence an action.

Likewise, we find the first portion of appellant's contention to be unconvincing. Whether a court of equity has jurisdiction over the subject matter of an action is determined from the allegations of the complaint. *Hamilton Depositors Corp.* v. *Browne,* 199 Ark. 953, 136 S. W. 2d 1031 (1940). In the case at bar, the complaint alleges that appellee is entitled to a specific portion of the sale proceeds of the crop, and it seeks to impose and enforce a lien on those proceeds. Granting the relief sought is within equity's power. *McGehee Planting Co.* v. *Jones,* 239 Ark. 966, 395 S. W. 2d 553 (1965). Furthermore, this court has expressly held that in situations such as the present, suit may be brought in equity to recover proceeds. *Barrett* v. *Nichols,* 86 Ark. 58, 107 S. W. 171 (1908).

Appellant, however, argues in effect that since bond was posted in circuit court, appellee had a sure and efficient remedy in law for damages. There is authority that where an adequate remedy at law in fact exists, then denial of a motion to transfer would constitute reversible error despite the fact that the chancery court concurrently had jurisdiction over the subject matter of the action. *Sledge-Norfleet Co. v. Matkins,* 154 Ark. 509, 243 S. W. 289 (1922). In the case at bar, appellee initially brought his action against appellant and Portland Bank, the party-defendant depository of the proceeds from the sale of the crop. Part of the relief requested in appellee's complaint was the imposition of a constructive trust on these funds held by the bank. As we view the record, sometime after appellant's initial motion to transfer and a subsequent renewal of that motion, Portland Bank was dismissed as party-defendant. After this dismissal, appellant did not assert anew his motion to transfer.

Although some legal remedy may be accessible, the modes of relief afforded by equity are usually better adapted to the type of case presently before us; and the remedy at law, therefore, would not be "adequate" in the technical meaning of that word. See 30 C. J. S. Equity § 25. Impressing a lien and imposing a constructive trust certainly constitute a more appropriate remedy than an action in law for damages. While Portland Bank was still a party-defendant, the relief of imposing a constructive trust on the sale proceeds was available and provided a more complete remedy; the chancellor, therefore, did not err in denying appellant's motion to transfer to the circuit court. After Portland Bank was dismissed, appellant failed to renew his motion to transfer and thereby waived any objection to the propriety of the chancellor's discretion in retaining jurisdiction over the case. *Higginbotham v. Harper,* 206 Ark. 210, 174 S. W. 2d 668 (1943); *Schuman v. Sanders,* 200 Ark. 540, 140 S. W. 2d 121 (1940).

As we understand his third and final point for reversal, appellant is contending that the chancellor's finding that appellee is entitled to the bonus was against

the preponderance of the evidence. We do not agree. Appellant attempted to establish that it was the intent of the parties to the oral contract that appellee's employment should extend to the end of December. To substantiate this assertion, appellant testified that it was customary for such employment to continue until the last of December and that it was his own custom to make payment of bonuses in the latter part of that month. One of appellant's former employees testified that he received his bonus around Christmas, but admitted on recross-examination that he would have felt entitled to a bonus even if he had terminated his employment immediately after the harvest.

Appellee stated it was his understanding that the contract would be completed and he would be entitled to the bonus at the end of the "crop year." Corroborating testimony was also adduced from a rice and bean farmer from the same area. He supported appellee's position that this contested bonus agreement, used by some of the local farmers, became effective when the crops were harvested. He also stated that the farming community considered the harvest to be the end of a "crop year."

A decree of the chancery court will not be reversed where there is a disputed question of fact unless the findings are against the preponderance of the evidence. *Hunter* v. *Dixon et al*, 241 Ark. 725, 410 S. W. 2d 389 (1966). In *Munn* v. *Rateliff*, 246 Ark. 609, 446 S. W. 2d 664, we said:

> "* * * [T]he chancellor had the opportunity to see and hear the witnesses in evaluating the evidence which was in conflict. In such a situation our rule is that when the evidence is conflicting and evenly poised or nearly so, the judgment of the chancellor on the question of where the preponderance of the evidence lies is considered as persuasive."

Similarly, in the case at bar, deferring to the judgment of the chancellor who was in a superior position to determine the credibility of the witnesses, we cannot

say as a matter of law that his findings were against the preponderance of the evidence.

Affirmed.