OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
The Appellate Division correctly concluded that defendant’s motion to dismiss at the end of the trial should have *819 been granted. Although it is true, as plaintiff argues, that the 1973 guarantee by the partnership of the loan to Lincoln Plaza, Inc., was a continuing guarantee, the partnership agreement did not give the general partners authority to guarantee the debts of others nor did Greenfield have authority in the first instance to act alone without seeking the consent of LPT Inc., the corporate general partner. Authority to execute the guarantee could not be implied, as a matter of law (First Nat. Bank v Farson, 226 NY 218, 223), and there was no factual showing of conduct on the part of the partnership such as would vest Greenfield with apparent authority (Greene v Hellman, 51 NY2d 197, 204; Ford v Unity Hosp., 32 NY2d 464, 472-473).
Nor was there evidence of ratification sufficient to take that issue to the jury. The fact that Mr. Saiman was present at the closing at which $100,000 of the 1973 $300,000 loan to Lincoln Plaza, Inc., was rolled over was not enough. He was present as attorney for the partnership. That he was also assistant secretary of.LPT Inc., did not give him authority to act on behalf of the partnership to ratify the guarantee of the loan to Lincoln Plaza, Inc., any more than Greenfield had to act on its behalf to execute the guarantee in the first instance. Moreover, the evidence of Saiman’s knowledge of the purported 1973 partnership guarantee and of the partnership’s receipt of the proceeds of the $100,000 loan was so equivocal as to be insufficient to present a jury issue of ratification (see Holm v C. M. P. Sheet Metal, 89 AD2d 229; 21 NY Jur, Estoppel, Ratification & Waiver, § 86).
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer and Kaye concur; Judge Simons taking no part.
Order affirmed, with costs, in a memorandum.