GOODRICH *v.* DARR.

Opinion delivered December 17, 1923.

1. QUIETING TITLE—EVIDENCE.—In a suit to quiet title to lands, testimony of plaintiff that her uncle by will devised a life estate in the lands to her father with remainder over to his children, and that, after her father died, she acquired the interests of the other heirs, who were her sisters, by purchase, *held* sufficient to show title to the lands in plaintiff, though the will did not describe the lands, but conveyed all of testator's estate, both real and personal.

2. DEEDS—UNDIVIDED INTEREST.—Any undivided interest in a definitely described tract of land may be conveyed by the owner thereof to the grantee without first having same segregated from the other land in the tract.

3. TAXATION—TAX DEED—DESCRIPTION OF LAND.—A tax deed is insufficient which describes the land sold as 29/44 of a certain quarter section, such description not being sufficient to locate the part sold with reference to the remaining portions of the tract.

4. LIMITATION OF ACTIONS—COLOR OF TITLE—VOID TAX DEED.—A tax deed void for insufficient description of the land is not such color of title as will set in motion the two years' statute of limitations provided by Crawford & Moses' Dig., § 6947.

Appeal from Conway Chancery Court; *W. E. Atkinson,* Chancellor; reversed.

*M. H. Dean,* for appellant.

The court erred in dismissing the complaint of plaintiff and in quieting the title to the lands in the defendants. 81 Ark. 296; 81 Ark. 258; 49 Ark. 266; 153 Ark. 620. A purchaser of land under a void tax title will acquire title under the two years' statute of limitations only to so much of the land as he has held in actual and adverse possession for the requisite period. 67 Ark. 411. A tax deed void for insufficient description is not such color of title as will set in motion the two years' statute of limitation. 135 Ark. 592; 94 Ark. 306; 150 Ark. 347. The statute is penal, and must be strictly construed. 43 Ark. 409; 86 Ark. 300; 11 Ark. 44.

*J. W. Johnson,* for appellee.

Adverse possession, to constitute a bar to the assertion of the legal title by the owner of land, must be actual, visible, open and notorious. 30 Ark. 640; 3 Washburn on Real Property, 134. Neither actual possession, cultivation nor residence is necessary to constitute adverse possession where the property is appropriated to the use for which it was designed, and the only use of which it is susceptible.. 40 Ark. 237. Adverse possession of part of a tract of land through a tenant, under color of title, is sufficient to give title to the whole. 80 Ark. 435; 81 Ark. 258. Actual possession of land held continuously for the statutory period under a clerk's tax deed, or dona-

tion deed issued by the State Land Commissioner, bars a recovery. 77 Ark. 324; 79 Ark. 364.

HUMPHREYS, J. Appellant alleged ownership of an undivided 29/44 interest in the N. E. ¼ of section 30, Tp. 6 N., R. 18 W., in Conway County, Arkansas, containing 104½ acres, and brought suit in the chancery court of said county to cancel an alleged void tax deed, executed by the Commissioner of State Lands of Arkansas to appellee, J. E. Darr, of date June 8, 1915, in which it was recited that the lands conveyed were forfeited to the State of Arkansas under description as follows: 29/44 of NE¼, section 30, Tp. 6 N., R. 18 W., in Conway County, Arkansas, containing 104½ acres, and also to quiet title in her to an undivided 29/44 interest in said land.

Appellee filed an answer denying appellant's ownership of a 29/44 interest in said quarter section and the invalidity of the tax deed from the State to appellee, J. E. Darr, and pleaded in bar of recovery the two-years' statute of limitations.

The cause was submitted upon the pleadings and testimony, which resulted in a finding by the court that, at the time of the forfeiture for taxes in 1903, the land belonged to the Goodrich heirs, and that thereafter appellant purchased the interest of the other Goodrich heirs and became the owner of the entire 29/44 interest therein; that the tax deed was void, but that, under § 6947 of Crawford & Moses' Digest, the two-years' statute of limitation had run against appellant and barred her from recovery of the land. A decree was rendered dismissing appellant's bill for want of equity, canceling her deeds to the land and quieting title in appellee, J. E. Darr, to that part of the real estate still owned by him, and in N. W. Black to that part conveyed by J. E. Darr to him, from which is this appeal.

As we read the record and brief of counsel, only four questions are presented to this court for determination:

First, has appellant sufficiently established her title?

Second, if so, is the description in her chain of title sufficiently definite to locate the land?

Third, is the tax deed based upon a valid forfeiture for the nonpayment of the taxes for the year 1903?

Fourth, will the two-years' statute of limitation bar a recovery?

(1)   Appellant testified that her uncle, Lemuel H. Goodrich, devised her father a life estate in the lands in question, with the remainder over to his children; that, when her father died, the Goodrich heirs, including herself, became the joint owners thereof, and that she afterwards acquired the interest of the other heirs, who were her sisters, by purchase. The will and deeds from her sisters to herself were introduced in evidence. The will devised all of Lemuel H. Goodrich's estate, both real and personal, to his executor in trust, with power to sell and convey same, directing that said executor pay the income from the lands and proceeds thereof to his brother, Chester B. Goodrich, during his natural life, and, upon his decease, to divide the real estate or proceeds thereof and all his personal estate among the heirs of the said Chester B. Goodrich. Objection is made to appellant's chain of title because the will does not describe the land, and because it was not shown that he owned the land in question at the time of his death. Appellant's statement that she and her sisters acquired title to the land by devise from her uncle is tantamount to saying that he owned it at his death.

(2)   The suggestion that the description contained in the deeds in appellant's chain of title is defective in case the description in the tax deed is held to be insufficient, is not tenable. The description 29/44 of N. E. ¼ of section 30, Tp. 6 N., R. 18 W., in Conway County, Arkansas, containing 104½ acres, in the deed in her chain of title, means an undivided twenty-nine forty-fourths' interest therein. Any undivided interest in a definitely described tract of land may be conveyed by

the owner thereof to the grantee, without first having same segregated from the other lands in the tract.

(3) In the case at bar the land was described in the tax deed as 29/44 of N. E. ¼ of section 30, Tp. 6 N., R. 18 W., in Conway County, Arkansas, containing 104½ acres. It must be presumed that the description in the deed followed the description on the delinquent list and on the assessment roll. This court held, in the case of *King* v. *Booth,* 94 Ark. 306, that the following description in a tax deed was defective and rendered the tax deed void: "4/6 of N. W. ¼ section 24, Tp. 6 N., R. 8 W., situate in the county of White, and State of Arkansas." As a reason for holding the description defective the court said: "When a part of a tract of land is assessed and sold for the nonpayment of taxes, and the description is not sufficiently definite to locate it with reference to the remaining portions of the tract, the sale will be void." In other words, under the rule announced, in order to give effect to a tax sale of an undivided share in a particular tract of land for the nonpayment of taxes thereon, the whole tract should be described upon the taxbooks and on the delinquent list, under its proper legal subdivision, and the value and amount of taxes set opposite each share. It will be observed that the description in the tax deed in the case at bar is exactly like the description in the tax deed in the case of *King* v. *Booth, supra.* In neither case was the whole land described on the taxbooks and the delinquent list, the several parts valued and the assessment apportioned to the several shares. The rule announced in the Booth case is applicable to the facts in the instant case. The tax deed is therefore void on account of the defective description of the land.

(4) It is unnecessary to set out or discuss the testimony in the case tending to show the extent and duration of appellee's possession of the lands, for the two-years' statute of limitation pleaded by them has no application in cases where the tax deed is void on account

of a defective description of the land forfeited for the nonpayment of taxes. This court said in the case of *Halliburton* v. *Brinkley,* 135 Ark. 592; that ''a tax deed void for insufficient description is not such color of title as will set in motion the two-years' statute of limitation provided by § 6947, Crawford & Moses' Digest.''

For the error indicated the decree is reversed, with directions to enter a decree in favor of appellant in accordance with this opinion.

SMITH, J., (dissenting). The majority say: '' * * * In order to give effect to a tax sale of an undivided share in a particular tract of land for the nonpayment of taxes thereon, the whole tract should be described upon the taxbooks and on the delinquent list under its legal subdivisions, and the value and the amount of taxes set opposite each share.'' In support of this statement of the law the case of *King* v. *Booth,* 94 Ark. 306, is cited.

It occurs to the writer that it would not be a task of much difficulty to show that the case cited does not support the language quoted. However, it is unnecessary to do so, for, if the case does support that proposition, then it should be overruled as ignoring positive statutes to the contrary. The language quoted apparently prohibits a joint owner from paying on his undivided interest. If the whole tract must be shown on the delinquent list, then nothing less than the whole tract can be paid on, and the owner of an undivided interest must elect between paying on the entire tract or allowing his undivided interest to go delinquent.

I submit, with all deference, that this requirement is contrary to the universal practice which has always prevailed in all the counties of the State, to permit an owner of an undivided interest to pay on that interest.

If this right does not exist, then we have several statutes which are without meaning. I refer to §§ 10055, 10056, 10103 and 10111, C. & M. Digest. These sections are taken from act No. 114 of the Acts of 1883, page 199. This was an act entitled ''An act to revise and amend

the revenue laws of Arkansas,'' and, with the amendments to its 226 sections, constitute the general revenue law of this State.

Section 166 of this act (which appears as §§ 10055 and 10056, C. & M. Digest) expressly recognizes the right of a joint tenant to pay on his undivided interest. Section 10055 provides that, in all cases where an owner shall pay the proportionate part of the tax due by him, and the remaining proprietors shall fail to pay on their share, and partition is made of the land, the taxes ''shall be deemed to have been paid on the proportion of said tract set off to the proprietor who paid his proportion of said tax, * * * and the proprietor so paying the tax * * * shall hold the proportion of such tract set off to him * * * free from the residue of the tax; * * * and the proportion of said tract set off to the proprietor who shall not have paid his proportion of said tax, * * * remaining unpaid, shall be charged with said tax, * * * in the same manner as if said partition had been made before said tax * * * had been assessed.''

The section quoted from clearly contemplates that the owner of an undivided interest might, before sale, pay on his undivided interest.

Section 142 of the act of 1883 (which is § 10103, C. & M. Digest) makes provision whereby one may pay on his own interest, even after sale, by way of redemption. It provides: ''When any joint tenants, tenants in common, or coparceners shall be entitled to redeem any land * * * sold for taxes, and any person so entitled shall refuse or neglect to join in the application for the certificate of redemption, or from any cause cannot be joined in such application, the clerk of the county court may entertain the application of any one of such persons, or as many as shall join therein, and may make a certificate for the redemption of such portion of said land or lot, or part thereof, as the person making such application shall be entitled to redeem.''

It thus clearly appears that it was the intent of the lawmakers to permit a joint owner, either before the sale or after the sale, to pay on his undivided interest.

Section 147 of the act of 1883 (which is § 10111, C. & M. Digest) contemplates the possibility of an undivided interest going delinquent and being sold and remaining unredeemed until the purchaser becomes entitled to a deed. This section provides that "the purchaser, at the sale of lands or lots, or parts thereof, for the taxes, of the interest of any joint tenant, tenants in common or coparcener, or any portion of such interest, shall, on obtaining the deeds from the clerk of the county, hold the same as tenant in common with the other proprietors (or proprietor) of such land or lot, and be entitled to all the privileges of a tenant in common, until a legal partition of such land or lot, or part thereof, shall be made."

The case of *Bonner* v. *Board of Directors St. Francis Levee District,* 77 Ark. 519, does not conflict with this view. There an owner paid on the south half of the south half of sections of land, which had been assessed as whole sections, leaving the taxes on the north half of the south half of the sections unpaid. The collector accepted, as the taxes due on the south half of the south half of the sections, one-half of the taxes assessed against the whole, which was, in effect, a reassessment by the collector, as the assessor had assessed the sections as entireties. Judge Battle, for the court, said: "The south halves of sections thirty-four and thirty-five were each assessed as a whole. The value of no particular part was fixed, and from the assessment it could not be ascertained. One part may be worth more than another. For the purposes of taxation they could not be subdivided except by reassessment. The offer of the north half of the south half of the sections, as separate tracts, for sale, was without authority, and the sale was void."

The payment on an undivided interest involves no question of reassessment. The owner pays on his proportionate part of the amount assessed against the whole

tract, and not on any particular part. If he pays, for instance, on an undivided half of the whole tract, then he pays one-half of the assessment, and there is left to be paid, or to be returned delinquent, the taxes on an undivided half of the whole tract.

To deny the landowner this privilege is to deprive him of a very substantial right, and is to depart from a custom of universal application, and is to ignore three unambiguous sections of the statutes.

I therefore dissent, and am authorized to say that Mr. Justice HART joins me.