SUTTON *v.* LEE.

Opinion delivered May 26, 1930.

*C. T. Cotham,* for appellant.

*Murphy & Wood* and *B. N. Florence,* for appellee.

HUMPHREYS, J. This suit in ejectment was originally commenced by appellee against appellant in the circuit court of Garland County to recover the possession of the following described real property, situated in said county, State of Arkansas, being a part of lot three (3) and a part of lot four (4), block thirty-six (36) of the United States Reservation, as surveyed, mapped and platted by the United States Hot Springs Commissioners, and more particularly described as follows:

"Commence at the junction of Lead Street and Reserve Avenue, and run south on the east line of lot four (4) and the west line of Lead Street, two hundred eighty-six (286) feet to an iron stake and the place of beginning; thence south on the west line of Lead Street one hundred thirty-one (131) feet to the common corner of lots three (3) and four (4) of said block thirty-six (36) and to the junction of Lead Street and Grand Avenue; thence southwesterly along the west line of Grand Avenue, one hundred eighty (180) feet to the corner of lots two (2) and three (3) of said block thirty-six (36) marked with an iron pipe and 100 feet east of Reserve Avenue; thence north one hundred (100) feet east of Reserve Avenue to an iron stake; thence northerly one hundred (100) feet parallel to Reserve Avenue to an iron pipe on the line dividing lots three (3) and four (4) of said block thirty-six (36) and one hundred (100) feet east of Reserve Avenue; thence northerly parallel

with Reserve Avenue one hundred (100) feet to a point and stake two hundred twenty-one (221) feet west from the place of beginning; thence easterly in a straight line two hundred twenty-one (221) feet to the place of beginning."

After the issues were made up the cause was, by consent of the parties, transferred to the chancery court where the same was tried and a decree rendered in favor of appellee for the possession of said real estate, from which is this appeal.

The facts necessary to a determination of the issues involved are undisputed and are as follows: Appellee inherited said real estate from her father, Benjamin Hutchinson, who received a patent to lots 3 and 4 in block 36 in the city of Hot Springs, Arkansas, on the 30th day of March, 1882, from the United States. Prior to his death he conveyed certain parts of said real estate by definite description to three different parties, and in 1888 died seized and possessed of the remainder of said real estate which is involved in this action. Each purchaser from him assessed and paid taxes on the part he purchased under the following description: "Part of lots 3 and 4 in block 36 in the city of Hot Springs, Arkansas." Benjamin Hutchinson left surviving him a widow, Julia, who afterwards married a man by the name of Brown and subsequently died. Prior to her death she paid taxes on said real estate under the following description: "Part of lots 3 and 4 in block 36 in the city of Hot Springs, Arkansas." She failed to pay the taxes for 1917 on a part of lot 4, block 26; and in 1921 on a part of lots 3 and 4 in block 36. There was a forfeiture, sale and conveyance of said real estate to the State for these years under an assessment to Julia Brown by the indefinite and uncertain description of "part of lot 3 and part of lot 4 in block 36 in the city of Hot Springs, Arkansas." Appellee was never in the actual possession of the real estate involved in this action, and never paid any taxes thereon either before or after the death of her mother, Julia Brown.

Appellant ascertained that the real estate in controversy was unoccupied, and that same had been forfeited to the State of Arkansas for nonpayment of taxes for 1917 and 1921 under indefinite descriptions, and further information to the effect that appellee was dead. She then had the real estate in controversy surveyed, and under the definite description furnished her thereof by the surveyor proceeded under act 365 of the Acts of 1923 to purchase the said real estate from the State. She complied with all the provisions of said act and became the purchaser thereof at the sheriff's sale and received a certificate from him which contained a definite description of the land in controversy. She then paid the purchase price, presented her certificate and applied to the State Land Commissioner for a deed thereto. The Land Commissioner refused to make her a deed according to the description contained in her certificate from the sheriff, but made her a deed according to the description by which the land had been forfeited and conveyed to the State for the nonpayment of taxes for the years 1917 and 1921. Immediately upon receipt of said deed appellant took possession of the land in controversy, and made valuable improvements thereon.

Appellant contends for a reversal of the decree because neither appellee nor her predecessors in title had been in possession of said lands within five years before the institution of her suit in ejectment, and in support of this contention relies upon § 6948 of Crawford & Moses' Digest, which reads as follows:

"No action of ejectment, when the plaintiff does not claim title to the lands, shall be brought or maintained when the plaintiff, or his testator or intestate, has been five years out of possession."

The statuté in question has no application to the instant case, as appellee asserted title to said real estate as a basis for her action.

Appellant also contends for a reversal of the decree because the description contained in the deed she re-

ceived from the State can be made definite and certain by referring to the deed describing the parcels of lots 3 and 4 in said block sold by Benjamin Hutchinson to his grantees, and deducting said parcels from the total area of said lots. Even if such a method were permissible in order to definitely ascertain what particular part of said lots were forfeited in the name of Julia Brown, it would be necessary to show that the purchasers of the several parcels of said lots assessed and paid their taxes for the years 1917 and 1921 by definite and certain descriptions. They did not do so, but, on the contrary, assessed and paid their taxes as parts of lots 3 and 4 in said block. This court ruled in the case of *Hershey* v. *Thompson,* 50 Ark. 484, that (quoting from the syllabus) "Proof that the person in whose name land was assessed owned no other in the legal subdivision of which it is a part is not sufficient to identify it."

Appellant also contends for a reversal of the decree because no affidavit was filed before the suit was brought with the circuit clerk showing that a tender for taxes and improvements had been made as required by § 3708 of Crawford & Moses' Digest. The requirements of this section of the statute do not apply to void tax sales made without power or authority. *Kelso* v. *Robertson,* 51 Ark. 397; *Winn* v. *Little Rock,* 165 Ark. 11. In the instant case the sale was unauthorized because the description of the land in the assessment and all proceedings involved was insufficient to identify it. It amounted to no description at all.

Appellant also contends for a reversal of the decree because the certificate of purchase acquired under a compliance with the requirements of act 365 of the Acts of 1923, contained a definite and certain description of the real estate in controversy. This act only applies to purchasers of lots from the State to which it has acquired title. The State acquired no title to the real estate in controversy in the instant case as the assessment and forfeiture were void from the want of a description by which

same might be located. The certificate was issued without authority, and could not and did not confer color of title to said real estate although definitely describing it.

Appellant also contends for a reversal of the decree because the court did not allow her for the improvements made upon the real estate in controversy under the Betterment Act, §§ 3703-3710 of Crawford & Moses' Digest. This act does not protect an occupant of land for the value of improvements made unless he or she has color of title thereto. Appellant's certificate of title was void because issued without authority, and her deed was void because it described nothing. No color of title conferred upon her by either.

Lastly, appellant contends for a reversal of the decree because appellee was barred from bringing the action under § 6947 of Crawford & Moses' Digest, which is a two-year statute of limitations running in favor of a person or persons actually occupying lands under color of title to the exclusion of the true owner. It has no relation or application to the instant case, because appellant had no color of title to the real estate in controversy.

No error appearing, the decree is affirmed.