B. J. RALSTON et al *v.* Harold
POWERS et ux

80-48                                              598 S.W. 2d 410
Supreme Court of Arkansas
Opinion delivered May 12, 1980
Rehearing denied June 23, 1980

*Martin & Vater*, for appellants.

*Rose, Kinsey & Cromwell*, by: *William M. Cromwell*, for appellees.

RICHARD L. MAYS, Justice. This is a suit in equity for ejectment in which a quiet title claim of adverse possession was added to appellees' complaint after appellants answered. In their answer appellants not only requested that the chancellor dismiss appellees' complaint for lack of merit but prayed alternatively that legal title to certain land be confirmed in appellants or that appellees' action be transferred to circuit court. The chancellor retained jurisdiction and quieted title in appellees on their claim of adverse possession. The major questions on appeal are: (1) whether the chancellor had jurisdiction to quiet title and (2) whether the chancellor's finding of adverse possession is against the preponderance of the evidence. We sustain the chancellor on both issues.

Appellants, the Ralstons, and appellees, Harold and Pauline Powers, are adjoining property owners in Greenwood, Arkansas. Appellees acquired title to their property in June of 1972 from Mrs. Powers' father, W. L. Bryan, who had owned and resided on the property since 1936. The appellants acquired their property in March of 1979

from Mr. Ralph Smoot who had owned and resided on his property for more than forty years. Sometime before 1950 Mr. Bryan and Mr. Smoot constructed a rock wall along the edge of Mr. Smoot's driveway from the front of his property line to his garage. Thereafter, Mr. Bryan, and subsequently the appellees, maintained the property on their side of the rock wall and Mr. Smoot maintained the property on his side of the rock wall. No dispute arose over the location of the rock wall until appellants had the property surveyed shortly after they purchased it from Mr. Smoot. The survey revealed that the rock wall extended approximately three feet past the common boundary line onto appellants' property. Taking possession of this strip of land, appellants constructed a chain link fence along the boundary line as determined by the survey, removing a part of the rock wall in the process. Appellees filed suit in chancery to eject the appellants and establish their title.

Appellants contend that the chancellor was without jurisdiction to determine appellees' claim because appellees were not in possession of the disputed strip of land at the time they initiated suit. Appellants primarily rely on our holding in *Pearman* v. *Pearman,* 144 Ark. 528, 222 S.W. 1064 (1920) in which we stated:

> The equity jurisdiction to quiet title, independent of statute, can only be invoked by a plaintiff in possession, unless his title be merely an equitable one. The reason is that where the power is purely a legal one and some one else is in possession, the remedy at law is plain, adequate and complete, and a an action of ejectment can not be maintained under the guise of a bill in chancery. In such case the adverse party has a constitutional right to a trial by a jury.

The jurisdictional requirement that a party be in possession to quiet title to land in equity has been approved by this court many times. *Gibbs* v. *Bates,* 150 Ark. 344, 234 S.W. 175 (1921); *Rice* v. *Rice,* 206 Ark. 937, 175 S.W. 2d 201 (1943); *Lowe* v. *Cox,* 210 Ark. 169, 194 S.W. 2d 892 (1946). However, this jurisdictional requirement may be satisfied by a defendant in possession, even though the plaintiff is not, if the de-

fendant affirmatively raises issues clearly cognizable in equity. *Weaver* v. *Gilbert,* 214 Ark. 800, 218 S.W. 353 (1949); *Thomason* v. *Abbott,* 217 Ark. 281, 229 S.W. 2d 660 (1950). This is precisely what occurred in the case at bar. Although the chancellor could not exercise jurisdiction over appellees' complaint since they were out of possession, the appellants included a prayer for equitable relief in their answer. But for this affirmative prayer in appellants' answer, the chancellor was without jurisdiction and the appellants could have preserved their right to a jury trial in circuit court. Instead, appellants supplied the jurisdictional defect by invoking equity's jurisdiction in an attempt to confirm legal title in themselves and are no longer in a position to complain simply because they did not prevail.

Appellants also contend that the chancellor's finding of adverse possession is against the preponderance of the evidence. Although appellants established record title to the disputed strip of land by their deed, the chancellor held that appellees had acquired legal title through adverse possession. For adverse possession to ripen into ownership, it must be actual, open, notorious, continuous, hostile and exclusive for a period of seven years. See e.g., *Moore* v. *Anthony-Jones Lumber Co.,* 252 Ark. 883, 481 S.W. 2d 707 (1972); *Terral* v. *Brooks,* 194 Ark. 311, 108 S.W. 2d 489 (1937); see also Ark. Stat. Ann. § 37-101 (Repl. 1962). An adverse claimant's predecessor's possession may be considered if it also satisfies the essential elements of adverse possession. *Fulcher* v. *Dierks Lumber & Coal Co.,* 164 Ark. 261, 261 S.W. 645 (1924). A claimant must establish an adverse possession claim by a preponderance of the evidence. *Newman* v. *Peay,* 117 Ark. 579, 176 S.W. 143 (1915). A review of the record in this case indicates that the evidence preponderates in favor of appellees' claim of adverse possession.

The evidence discloses that the rock wall had been in place for a minimum of thirty years. Appellees and their predecessor in title, Mr. Bryan, maintained the property up to the rock wall, planting flowers and even building a fish pond next to the rock wall. The rock wall was constructed jointly by Mr. Bryan and Mr. Smoot, the previous adjoining owners, with each treating it as the property line. No one

challenged appellees' right to the disputed strip until appellants constructed their fence. In view of these facts, appellees established an ownership claim which the chancellor was obliged to recognize.

Affirmed.