Dana Olivia Dunn SMITH *v.* Creighton
SMITH and Neomie SMITH

80-274                                    612 S.W. 2d 736

Supreme Court of Arkansas
Opinion delivered March 16, 1981

*Ian W. Vickery Law Offices*, for appellant and cross-appellee.

*William G. Wright* and *Donald P. Chaney, Jr.*, for appellees and cross-appellants.

STEELE HAYS, Justice. This appeal stems from an attempt by appellant to set aside a decree of divorce granted to her former husband who died unexpectedly a few days afterward. Appellant and James Edward Smith married on September 2, 1978, and separated at the end of three months. In October of 1979, Smith filed suit for divorce in Union County, Arkansas, on grounds of general indignities, alleging sixty days residency in Arkansas. On October 22, 1979, appellant signed and verified that she had received a copy of the complaint, waived service of summons and entered her appearance for all purposes. On November 21, 1979, a decree of divorce was entered containing the necessary jurisdictional findings and finding that there were no children or property rights to be adjudicated. Five days later, James Edward Smith was killed in an industrial accident. The record discloses that appellant wanted the divorce, paid half the expense, planned to marry on its completion, and, evidently, deferred the plans because of Smith's death.

On December 20, 1979, appellant filed a motion to set aside the decree of divorce, asserting that the decree was void for lack of jurisdiction, neither party being a resident of Arkansas. The motion alleged that the parties to the divorce were at all times domiciled in Louisiana, and that Smith had perpetrated a fraud upon the court in claiming to be a resident of Arkansas.

This motion was heard on May 7, 1980, and denied because appellant had failed to make a prima facie showing

of a meritorious defense as required by Rule 60 (d), A. R. C. P. On appeal, appellant insists that the court erred in requiring a meritorious defense. We believe the chancellor was correct in the result and we affirm.

Whether it was necessary for appellant to plead and prove a meritorious defense under Rule 60 (d), we need not consider, as appellant's motion to vacate the decree was properly denied on more substantial grounds. Appellant finds herself in a dilemma from which she cannot escape: either James Edward Smith was a resident of Union County, Arkansas, as he claimed to be and as the chancellor found, and the decree of divorce is valid and, hence, res judicata, *Anderson* v. *Anderson*, 223 Ark. 571, 267 S.W. 2d 316 (1954); or he was not a resident of Arkansas and perpetrated a fraud upon the court. If so, the appellant could not have been ignorant of that fraud and was a willing participant in it. In either event, she is precluded by the stigma of her own involvement from any relief against a decree of divorce obtained under these circumstances. See Leflar, *American Conflicts Law*, § 224 (1968).

Appellant argues that she was misled as to the grounds on which the divorce would be sought — that she was told the grounds were mutual fault when, in fact, the divorce was granted upon general indignities. We need not weigh the dubious merit of this argument, which bears the trappings of afterthought, as it is refuted by the plain wording of the complaint, which she admittedly received at the outset. If the issue mattered to her, she had ample opportunity to act before the decree.

On cross appeal it is argued that the chancellor should have charged the appellant with expenses and attorney's fees in obtaining an order compelling appellant to answer six Requests for Admissions and three Interrogatories dealing with evidentiary matters. This determination rests with the trial court and will not be overturned unless a manifest abuse of discretion appears. Rule 37, A. R. C. P. *Marshall* v. *Ford Motor Co.*, 446 F. 2d 712 (10th Cir. 1971); *Diaz* v. *Southern Drilling Co.*, 427 F. 2d 1118 (5th Cir. 1970). We find no abuse of discretion in this instance.

The chancellor properly denied the motion to vacate and we affirm.