Ann LIGGETT, et al. *v.* CHURCH OF NAZARENE, et al.

86-177                                                   724 S.W.2d 170

Supreme Court of Arkansas
Opinion delivered February 23, 1987

*Pearson, Woodruff & Evans*, by: *Marshall Dale Evans*, for appellant.

*Epley, Epley & Castleberry, Ltd.*, by: *Alan D. Epley*, for appellee.

DAVID NEWBERN, Justice. The appellees filed this quiet title action in the Carroll County Chancery Court alleging they were the rightful owners of the disputed property: All of lots 7 and 8, Block 31, and all of lots 7 and 8, Block 32, in Eureka Springs, Arkansas. The appellants filed a counter-claim alleging they had purchased the property from the State of Arkansas, receiving three tax deeds, and that they had been in possession of the land for almost seven years. The appellants then filed a motion to dismiss, contending the case should be heard in the circuit court. The appellants also asked for dismissal because of the appellees' failure to comply with Ark. Stat. Ann. §§ 34-1420 and 34-1421 (Repl. 1962), and the running of the statute of limitations found in Ark. Stat. Ann. § 34-1419 (Repl. 1962).

After a hearing on the motions the court granted the appellants' motion for dismissal as to the property found in block 31. That ruling was not appealed by the appellees. The court found that the property could not have been sold by a 1947 tax

deed from the state for non-payment of taxes because it was church property in 1947, and thus it was exempt from taxes under Ark. Const. art 16, § 5. The court then quieted title to the block 32 property in the appellees and ordered the appellants to vacate.

The appellants then filed a new trial motion alleging that the original forfeiture occurred in 1932, before the church owned the property. They contended the land had been erroneously reforfeited in 1947, and that the earlier forfeiture was newly discovered evidence which could not have been discovered before trial. The chancellor found that this evidence was not sought with due diligence and thus denied the new trial motion filed by appellants and their motion to amend findings of fact. We find no error in the chancellor's rulings, and thus we affirm.

*1. Failure to Comply with §§ 34-1420 and 34-1421*

The statutes, in pertinent part, are as follows:

> 34-1420. **Affidavit in action for recovery of land held under tax title — Tender of taxes and value of improvements.** The person or persons, . . . claiming any such land as mentioned in the first section [§ 34-1419] of this act, shall, before the issuing of any writ, file in the office of the clerk of the proper court, an affidavit, setting forth that such claimant hath tendered to the purchaser or purchasers thereof, . . . the full amount of all taxes and costs first paid on account of said lands, with interest on the same, . . . from the time said costs and taxes were paid, and also the full value of all improvements of whatever kind and description, made on said lands, by the purchaser or purchasers, . . . and that the same hath been refused.

> 34-1421. **Failure to file affidavit — Dismissal of action — Costs.** If any suit or action shall be brought in any court of record in this state against any such purchaser or purchasers, . . . holding any lands, as specified in the first section [§ 34-1419] of this act, and it shall appear to the satisfaction of such court, that no affidavit, as required in the preceding section of this act, was filed previous to the commencement thereof, it shall be the duty of such court to dismiss said suit or action, at the cost of the plaintiff or plaintiffs.

Before these sections apply, so that compliance is required as the appellants contend, there must be a prayer for possession by the person who has filed the quiet title action. That, in essence, makes it an ejectment action. *Reynolds* v. *Plants*, 196 Ark. 116, 116 S.W.2d 350 (1938).

The appellants contend there is a prayer for possession in the petition to quiet title filed by the appellees which makes this an ejectment action and makes the statutes applicable. They contend the court erred in not finding that the appellees must comply with the statutes. The only part of the appellees' petition which could be construed as asking for possession is found in the final paragraph:

> . . . fourth, that the said decree declare and adjudge that the plaintiff owns in fee simple and is entitled to quiet and peaceful possession of the real property. . .

Even if we agree that this is a prayer for possession in this quiet title action which would make compliance with the statutes mandatory, we have held that these sections do not apply when the tax sale is void for lack of power or authority to sell the land or a description in the tax deeds sufficient to identify the property. *Sutton* v. *Lee*, 181 Ark. 914, 28 S.W.2d 697 (1930). The appellees presented expert testimony by an abstractor who stated, without contradiction, that the tax deeds upon which the appellants' claim rested contained descriptions insufficient to permit location of the property they purported to describe.

## 2. Statute of limitations

The statute of limitations argued by the appellants is § 34-1419 which reads, in part, as follows:

> **34-1419. Recovery of lands held under tax title — Time within which action must be brought.** No action for the recovery of any lands, or for the possession thereof against any person or persons, . . . who may hold such lands by virtue of a purchase thereof at a sale by the collector, or commissioner of State lands, for the nonpayment of taxes, or who may have purchased the same from the state by virtue of any act providing for the sale of lands forfeited to the state [f]or the nonpayment of taxes, or who may hold such land under a donation deed from the state, shall be

maintained, unless it appears that the plaintiff, . . . was seized or possessed of the lands in question within two (2) years next before the commencement of such suit or action, . . .

We have held that a tax deed void for insufficient description is not such color of title as will set in motion the two-year statute of limitations referred to in these statutes. *Halliburton* v. *Brinkley*, 135 Ark. 592, 204 S.W. 213 (1918); *Kennedy* v. *Burns*, 140 Ark. 367, 214 S.W. 618 (1919); *Goodrich* v. *Darr*, 161 Ark. 514, 256 S.W. 868 (1924).

The test for the sufficiency of a description was set out in *Halliburton* v. *Brinkley, supra*, i.e., "a tax deed was sufficient if the description itself furnished the key through which the land might be definitely located by proof aliunde." Here there was no such description, and we find that the chancellor was correct in his ruling the two-year statute of limitations does not apply.

### 3. Propriety of chancery court hearing

The appellants objected to having the case heard by the chancellor because the appellees' claim for possession made their claim an ejectment action. Ejectment is an action for possession filed in circuit court by one who has title to the property, while a quiet title action is filed in chancery court by one who is in possession and wants title to the property declared to be in him. *Pearman* v. *Pearman*, 144 Ark. 528, 222 S.W. 1064 (1920).

> The equity jurisdiction to quiet title, independent of statute, can only be invoked by a plaintiff in possession, unless his title be merely an equitable one. The reason is that where the title is a purely legal one and someone else is in possession, the remedy at law is plain, adequate and complete, and an action of ejectment cannot be maintained under the guise of a bill in chancery. In such case the adverse party has a constitutional right to a trial by jury. [144 Ark. at 531, 222 S.W. at 1067]

In *Ralston* v. *Powers*, 269 Ark. 63, 598 S.W.2d 410 (1980) we held:

> The jurisdictional requirement that a party be in possession to quiet title to land in equity has been approved by

this court many times. *Gibbs* v. *Bates*, 150 Ark. 344, 234 S.W. 175 (1921); *Rice* v. *Rice*, 206 Ark. 937, 175 S.W.2d 201 (1943); *Lowe* v. *Cox*, 210 Ark. 169, 194 S.W.2d 892 (1946). [269 Ark. at 65, 598 S.W.2d at 412]

Where the propriety of having the case in chancery court is challenged, as here, we reverse if the plaintiff has an adequate remedy at law. *Hesser* v. *Johns*, 288 Ark. 264, 704 S.W.2d 165 (1986). The reason the chancellor gave for overruling the motion to transfer the case to the circuit court was that a portion of the title asserted by the appellees was equitable in nature. We do not necessarily agree with that finding, but we need not discuss it further, for there was another basis for retention of the case in chancery court. Where a defendant in a quiet title action files an answer setting up title in himself by adverse possession and requests affirmative relief, he thereby waives his objection to the jurisdiction of the court. *Stolz* v. *Franklin*, 258 Ark. 999, 531 S.W.2d 1 (1975). We affirm a chancellor's ruling if it is correct even though we do so on a basis different from the one he asserted. *Smith* v. *Smith*, 272 Ark. 199, 612 S.W.2d 736 (1981).

## 4. Denial of post-judgment motions

Whether to grant a motion for new trial based upon newly discovered evidence, *see* Ark. R. Civ. P. 59(a)(7), is within the sound discretion of the trial court which will not be reversed absent an abuse of that discretion. *Rogers* v. *Frank Lyon Co.*, 253 Ark. 856, 489 S.W.2d 506 (1973). The trial court found that the 1932 forfeiture could have been discovered with reasonable diligence.

The appellants argue that we should hold it was reasonable and not a lack of diligence to rely on the tax deed based on the 1947 forfeiture. We agree with the chancellor that the appellants should have known and could have found out that the property in question was being used as a church in 1947 and thus they should have been on notice that their deed was insufficient.

The appellants contended in their second amended motion for new trial that the state should be made a party to the action because any interest they might have in the property between 1932, when it was forfeited, and 1947, when it was erroneously

reforfeited, could not be decided by the chancellor without the state being represented. However, we need not consider the argument, again because we agree that there was not reasonable diligence in discovering the earlier forfeiture. *Durham* v. *Durham*, 289 Ark. 3, 708 S.W.2d 618 (1986).

Affirmed.