836 So.2d 166 (2002)
Ned J. PLAISANCE
v.
Rebecca Blount PLAISANCE.
No. 2001 CA 2165.
Court of Appeal of Louisiana, First Circuit.
October 2, 2002.
Stephen H. Marionneaux, Livonia, for Appellant Plaintiff Ned J. Plaisance.
Carol E. Stracener, Baton Rouge, for Appellee Defendant Rebecca Blount Plaisance.
Before: FOIL, FOGG and KLINE, JJ.
FOIL, J.
In this appeal, Ned J. Plaisance challenges a judgment wherein the trial court refused to give full faith and credit to a *167 divorce judgment rendered by an Arkansas court in favor of Mr. Plaisance's wife, Rebecca. For the reasons that follow, we reverse.

FACTS AND PROCEDURAL HISTORY
Mr. and Mrs. Plaisance were married in 1968 and established their matrimonial domicile in Louisiana. In 1971, Mrs. Plaisance filed a petition for divorce in the Chancery Court of Union County, State of Arkansas. In conjunction with her petition, Mrs. Plaisance submitted a "deposition" in which she falsely attested to having lived in Junction City, Arkansas, for many years. In fact, Mrs. Plaisance had always lived in Louisiana. After considering the petition, a "Waiver and Entry of Appearance" by Mr. Plaisance, and the "depositions" of Mrs. Plaisance and her mother, the chancellor of the Arkansas chancery court signed a judgment granting the divorce.
Mr. and Mrs. Plaisance subsequently reunited and lived together until 1999. According to Mrs. Plaisance, she consulted a Louisiana attorney who advised that she and Mr. Plaisance were still married, and need not remarry, because the Arkansas divorce judgment was invalid.
In 1999, Mr. Plaisance filed a petition for divorce in West Baton Rouge Parish. Mrs. Plaisance answered the petition and sought a partition of community property. Later, Mr. Plaisance filed a second petition, seeking recognition of the Arkansas divorce judgment and to have it made executory. Mrs. Plaisance filed an answer and opposition to the second petition, claiming neither she nor Mr. Plaisance had ever lived in Arkansas and that the Arkansas divorce judgment was thus invalid and not entitled to be given full faith and credit by the Louisiana court. The two suits were consolidated and hearings were held. The trial court subsequently signed a judgment stating, "the Arkansas court had no jurisdiction over the parties or the subject matter in order to render a valid divorce judgment and therefore the Louisiana Court will not give full faith and credit to the divorce judgment rendered in Arkansas." Mr. Plaisance appeals.

FULL FAITH AND CREDIT
Article IV, § 1 of the United States Constitution provides that "Full Faith and Credit shall be given in each State to the public Acts, Records and judicial Proceedings of every other State." The requirements of full faith and credit bar a defendant from collaterally attacking a divorce decree on jurisdictional grounds in the courts of a sister state where: (1) the defendant has participated in the divorce proceedings; (2) the defendant has been accorded full opportunity to contest the jurisdictional issues; and (3) the decree is not susceptible to such collateral attack in the courts of the state that rendered the decree. Johnson v. Muelberger, 340 U.S. 581, 586, 71 S.Ct. 474, 477, 95 L.Ed. 552 (1951); Succession of Bickham, 518 So.2d 482, 492 (La.1988).
A defendant participates in a proceeding by entering an appearance. Succession of Bickham, 518 So.2d at 492. The signing of a waiver of service and entry of appearance is sufficient to constitute a general appearance. Id.; Bernard v. Bernard, 94-1285 (La.App. 3 Cir. 1/9/95), 648 So.2d 509, 513, writ not considered, 95-0335 (La.3/24/95), 651 So.2d 284; Jeffries v. Estate of Pruitt, 598 So.2d 379, 386 (La.App. 1 Cir.), writs denied, 599 So.2d 306, 605 So.2d 1124 (La.1992). The Arkansas judgment granting Mrs. Plaisance a divorce indicates Mr. Plaisance *168 signed a "Waiver and Entry of Appearance" in the Arkansas proceedings. This action constituted Mr. Plaisance's appearance and afforded him an opportunity to contest the jurisdictional issue of Mrs. Plaisance's residency, which he did not do.
Further, under Arkansas law, Mrs. Plaisance cannot now collaterally attack the divorce decree. If she had been an Arkansas resident as she claimed, the decree was valid. Having not been an Arkansas resident, Mrs. Plaisance defrauded the Arkansas court and is now precluded by the stigma of her own involvement from any relief against a judgment of divorce obtained under these circumstances. See Succession Bickham, 518 So.2d at 493, citing Smith v. Smith, 272 Ark. 199, 612 S.W.2d 736, 737 (1981).
For the foregoing reasons, the judgment of the trial court, refusing to give full faith and credit to the Arkansas divorce judgment, is reversed. This matter is remanded for entry of a judgment recognizing the Arkansas divorce judgment as valid and making it the judgment of the trial court.
Costs of this appeal are assessed to Mrs. Plaisance.
REVERSED AND REMANDED.
Judge WILLIAM F. KLINE, Jr., Retired, serving Pro Tempore by special appointment of the Louisiana Supreme Court.